IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07CR184 RAS/DDB |
| | § | |
| ANOTNIO RAMOS (5) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 6, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

On October 20, 2008, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 63 months imprisonment followed by a 5-year term of supervised release for the offense of Conspiracy to Distribute and Dispense and Possess with Intent to Distribute and Dispense Cocaine. Defendant began his term of supervision on February 7, 2011.

On March 26, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 366). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall notify the probation officer at least ten days

1

prior to any change of residence or employment; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On July 3, 2011, Defendant was issued citations from Northlake, Texas, Police Department for Failure to Drive in a Single Lane, Failure to Maintain Financial Responsibility and Possession of Drug Paraphernalia, Class C Misdemeanors. Defendant plead no contest and paid fines for the Failure to Drive in a Single Lane on August 29, 2011, and Possession of Drug Paraphernalia offenses on January 11, 2012. The Failure to Maintain Financial Responsibility offense was dismissed on August 1, 2011. On February 17, 2015, Defendant was instructed to submit a urine specimen for drug testing at the U.S. Probation Office, at which time he attempted to use a tampering device to submit someone else's urine as his own in order to avoid illegal drug use and detection. It is alleged he committed the offense of Falsification of Drug Test Results, which is a violation of Texas Health & Safety Code - Section 481.133, and is a Class B Misdemeanor; (2) On September 9, 2014, Defendant submitted verbally and in writing to Senior U.S. Probation Officer Bradley D. Holmes, Northern District of Texas, that he used marijuana on or about September 4, 2014, and methamphetamine on or about September 6, 2014; (3) Defendant failed to notify the probation officer at least ten days prior to any change in residence on several occasions. On March 5, 2012, Defendant changed residences and reported the change to the probation office on March 20, 2012. Defendant changed residence on September 25, 2013 and reported the change to the probation office on October 4, 2013. On

September 24, 2014, he reported he changed his residence the previous week. On January 13, 2015, a home visit was conducted by the Senior U.S. Probation Officer and was advised by the Defendant's cousin that Defendant moved and was not living at his reported residence. He reported his change on January 15, 2015. Also, on February 9, 2015, Defendant reported he moved the previous week on February 5, 2015. Defendant failed to notify the probation office at least ten days prior to change of employment. Defendant quit his job at Hi Tech Metal Finishing on April 21, 2014. He failed to notify the probation office of his change. The change was discovered when Senior U.S. Probation Officer Bradley D. Holmes contacted the employer on September 3, 2014, in search of Defendant; (4) Defendant failed to notify the probation office within 72 hours of being questioned by law enforcement on several occasions. On September 3, 2014, Senior U.S. Probation officer Bradley D. Holmes was notified via a computer hit that Sansom Park, Texas Police Department had contact with the defendant. Sansom Park Police Department confirmed Defendant's vehicle was impounded for failure to provide proof of insurance. On January 7, 2015, Senior U.S. Probation officer Linda Werner was notified by Sergeant Beherns of Denton, Texas Police Department that Defendant was interviewed on November 17, 2014, by Denton Police Department detectives regarding a forgery investigation. Furthermore, on February 3, 2015, Defendant was questioned by Denton, Texas Police Department during a traffic stop. Defendant failed to notify the probation office of this contact until he was questioned about it by Senior U.S. Probation Officer Linda Werner on February 9, 2015; (5) On October 30, 2014, Defendant was instructed to submit to drug testing at which time he stalled and failed to submit a specimen. On February 17, 2015, Defendant was instructed to submit a urine specimen at the U.S. Probation Office, Plano, TX. On the first attempt of collection of the specimen, Defendant attempted to tamper with the specimen. He then stalled and failed to

3

submit a specimen. On January 9, February 10, 20, 26, March 3 and 6, 2015, Defendant failed to submit to drug testing as directed. On December 11, 2014, Defendant was referred to attend twice monthly substance abuse counseling at McCary Counseling, Denton, TX. As of March 26, 2015, Defendant has attended two counseling sessions. His last attended session was on January 31, 2015.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the August 6, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Bastrop, if appropriate.

**SIGNED this 18th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE